*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

In re EVAN BENFORD.

---

SHEILA BENFORD,

Petitioner-Appellee,

v

EVAN BENFORD,

Respondent-Appellant.

UNPUBLISHED
May 6, 2021

No. 354404
Washtenaw Probate Court
LC No. 20-000460-MI

---

Before: JANSEN, P.J., and RONAYNE KRAUSE and GADOLA, JJ.

RONAYNE KRAUSE, J. *(concurring in part and dissenting in part)*

I concur with some of the majority's result, but I respectfully disagree that the errors that occurred are harmless. Although respondent's involuntary treatment has occurred and is therefore unambiguously moot, I would remand to the trial court to consider in the first instance whether respondent should be removed from LEIN.

## I. TIMELINESS OF EXAMINATION

Respondent was presented to the hospital and was initially examined at 5:00 p.m. on Friday, July 10, 2020. The examining doctor signed respondent's clinical certificate at 11:03 p.m. the same day. The hospital received the petition on Saturday, July 11, 2020, at 10:13 a.m. Respondent as given a second examination at 10:00 a.m. on Monday, July 13, 2020. His second clinical certificate was signed at 12:30 p.m. that day. As petitioner concedes, MCL 330.1429(1) generally forbids hospitals from detaining an individual for more than 24 hours. Similarly, MCL 330.1430 requires such detained patients to be re-examined by a different doctor within 24 hours (excluding holidays) and released immediately if the patient is not certified as requiring treatment. Pursuant to MCL 330.1400b, Sundays are excluded from those durations. It is therefore beyond any reasonable dispute that respondent's second examination was begun just within 24 hours (exclusive of Sunday) of the hospital's receipt of the petition. However, he was not certified as requiring treatment until more than 26 hours after the hospital's receipt of the petition. Thus,

-1-

respondent simply was not re-examined and certified as requiring treatment within 24 hours as required by statute, and I respectfully disagree with the majority that the error was harmless.

However, a plain reading of the text of the statutes reveals that the obligation to conduct a timely examination is unambiguously upon the hospital. Thus, the error was committed by the hospital, not by the trial court. For whatever reason, this issue was not called to the trial court's attention. I therefore respectfully disagree with the majority that the trial court erred by failing to enforce the 24-hour requirement. I am unaware of any authority for the proposition that the trial court should have *sua sponte* noticed and acted on the error. I do not accept petitioner's contention that respondent waived the error by merely failing to address it to the trial court. See *People v Carter*, 462 Mich 206, 214-216; 612 NW2d 144 (2000). However, it is well established that "[e]rror to be reversible must be error of the trial judge; not error to which the aggrieved appellant has contributed by planned or neglectful omission of action on his part." *Smith v Musgrove*, 372 Mich 329, 337; 125 NW2d 869 (1964). I would find that the error was not committed by the trial court, and, having not been called to the trial court's attention, would not be grounds for reversal. I therefore arrive at the same outcome as does the majority as to this error.

## II. RIGHT TO DEFERRAL

As outlined by the majority, under MCL 330.1455(3)(d) and (6), a hospitalized respondent may "request" that the commitment hearing be deferred by filing the request along with a stipulation that he or she will choose to remain hospitalized or engage in outpatient treatment. Under MCL 330.1455(7), the trial court "shall" defer the hearing upon receipt of the request, although the hearing will occur if the respondent discontinues voluntary treatment during the deferral period. Thus, despite the use of the word "request," it is clear that the trial court has no discretion whatsoever whether to grant the deferral upon receipt of a request. The statute also requires the respondent to be advised of his right to the deferral. MCL 330.1455(3). It seems that respondent was in some way told about his right to deferral, but as the majority notes, respondent made it unambiguous at the hearing that he had not been properly or adequately advised. I wholeheartedly agree with the majority that the trial court plainly erred by simply carrying on, rather than halting the hearing and ensuring that respondent was given proper notice of his deferral option.

I cannot agree that the error was harmless. As noted, the trial court had no discretion whether to grant a deferral upon request. I infer from respondent's testimony that he was, at a minimum, eager to avoid involuntary commitment and at least interested in exercising his deferral option. I disagree that the effect on respondent's substantial rights is speculative, especially in combination with the unambiguous error by the hospital to conduct a timely re-examination. I would find that defendant's substantial rights were prejudiced. Clearly, no court can craft a remedy that would "undo" respondent's treatment, so his treatment is moot. However, pursuant to MCL 330.1464a(1), a court can order respondent's involuntary commitment to be removed from LEIN. Nevertheless, I infer from MCL 330.1464a(1) that any such removal, unlike granting a deferral, is discretionary. The trial court is therefore in the best position to determine whether that removal is proper under the circumstances.

### III. CONCLUSION

I would find that respondent's substantial rights were prejudiced by the hospital's failure to conduct a re-examination within 24 hours as required by statute, although I would not reverse on that basis because the error was not that of the trial court and was not brought to the trial court's attention. I would find that respondent's substantial rights were prejudiced by the trial court's failure to ensure that respondent had been properly advised of his right to deferral after it should have been obvious that respondent had not been properly so advised. I cannot find the latter error harmless, because I do not think it is speculative that respondent would have exercised his deferral right, and the trial court would have had no discretion whether to grant any such deferral. I would remand to the trial court for the trial court to decide in the first instance whether it would therefore be appropriate to remove respondent from LEIN. I would not retain jurisdiction.

/s/ Amy Ronayne Krause